UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
JUN 05 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.                                           INDICTMENT NO. 5:25-CR-72-DCR-EBA

**HENG YIN**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. Tap to Pay was a contactless payment method in which an individual paid for an item by tapping a contactless card or digital wallet, like Apple Pay or Google Pay, on a merchant's payment terminal. To use a credit card via a digital wallet, the user needed to input the cardholder's name, card number, expiration date, and card verification value.

2. It was a common scheme for individuals and organizations to upload stolen credit card information to digital wallets and use the Tap-to-Pay feature to purchase multiple gift cards at self-checkout stations. Large retailers, such as Meijer, were primary targets of these schemes due to high levels of consumer traffic and the presence of multiple self-checkout stations. After gift cards were successfully purchased and activated, individuals and organizations who engage in Tap-to-Pay gift card fraud monetize the card by, among other ways, selling the gift cards online.

3. At all relevant times, **HENG YIN** was a Chinese National and resident of Chicago, Illinois.

## COUNTS 1-3
## 18 U.S.C. § 1343
## Wire Fraud

4. All allegations set forth in paragraphs 1-3 of this Indictment are realleged and incorporated by reference as if set forth fully within.

5. On or about February 4, 2025, and continuing through on or about March 21, 2025, in Fayette County, in the Eastern District of Kentucky and elsewhere,

**HENG YIN**

knowingly, and with the intent to defraud, devised and intended to devise a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS

6. **YIN**'s scheme included loading stolen credit card information onto his phone's digital wallet and using the stolen credit card information via his phone's Tap to Pay feature to purchase gift cards.

7. On or about March 21, 2025, **YIN** purchased 70 gift cards using 107 different credit card numbers loaded onto his phone's Tap-to-Pay method at a Meijer grocery store located in Fayette County, in the Eastern District of Kentucky. When **YIN** attempted to purchase the gift cards, he covered the gift cards using larger items at self-checkout to conceal the gift cards from view. **YIN** initially purchased 60 gift cards at the Meijer, exited the Meijer to put the gift cards in his vehicle, and returned to the Meijer to continue to

purchase more gift cards. In all, **YIN** purchased 70 gift cards totaling $4,825.30 on that date.

8. On or about March 21, 2025, **YIN** possessed additional gift cards that were purchased on various dates as early as February 4, 2025.

## MANNER AND MEANS

9. On March 21, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

## HENG YIN

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be transmitted, by means of wire communication, in interstate commerce, the following writings:

| Count | Wire Transmission |
|---|---|
| 1 | Use of Chase Bank credit card *2958 in the name of C.R. to purchase a $53.28 gift card at Meijer |
| 2 | Use of Chase Bank credit card *5918 in the name of M.N. to purchase a $53.26 gift card at Meijer |
| 3 | Use of Chase Bank credit card *6921 in the name of J.K. to purchase a $93.14 gift card at Meijer |

Each in violation of 18 U.S.C. § 1343.

## COUNTS 4-6
### 18 U.S.C. § 1029(a)(2)
### Access Device Fraud

10. All allegations set forth in paragraphs 1-3 and 6-8 of this Indictment are realleged and incorporated by reference as if set forth fully within.

11. From in or about February 4, 2025, and continuing through on or about March 21, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**HENG YIN**

knowingly and with the intent to defraud, used one or more unauthorized access devices, listed below, during any one-year period, and obtained gift cards aggregating $1,000 or more during that period, which affected interstate commerce:

| Count | Date | Access Device |
|---|---|---|
| 4 | 3/21/2025 | Chase Bank credit card *2958 in the name of C.R. |
| 5 | 3/21/2025 | Chase Bank credit card *5918 in the name of M.N. |
| 6 | 3/21/2025 | Chase Bank credit card *6921 in the name of J.K. |

Each in violation of 18 U.S.C. 1029(a)(2) and (c)(1)(A)(i).

## COUNTS 7-9
## 18 U.S.C. § 1028A
### Aggravated Identity Theft

12. All allegations set forth in paragraph 1-3 and 6-8 of this Indictment are realleged and incorporated by reference as if set forth fully within.

13. On or about March 21, 2025, in Fayette County, in the Eastern District of Kentucky and elsewhere,

**HENG YIN**

knowingly used, without lawful authority, a means of identification of another person during and in relation to the crime of wire fraud, 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person listed below:

| Count | Victim | Means of Identification |
|---|---|---|
| 7 | C.R. | Name, Credit Card Number |
| 8 | M.N. | Name, Credit Card Number |
| 9 | J.K. | Name, Credit Card Number |

Each in violation of 18 U.S.C. § 1028A.

## FORFEITURE ALLEGATIONS
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)
28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in Count 1-3 and 7-9 of the Indictment, **HENG YIN** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 1343, 1029, and 1028A. Any and all interest that **HENG YIN** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B) and 28 U.S.C. § 2461.

2. By virtue of the commission of the offenses alleged in Counts 4-6 of the Indictment, **HENG YIN** shall forfeit to the United States any and all personal property used or intended to be used to commit the violations of 18 U.S.C. § 1029. Any and all interest that **HENG YIN** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 1029(c)(1)(C).

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
$9,628.00 in U.S. currency.

**PERSONAL PROPERTY:**
85 gift cards seized from the Defendant on or about March 21, 2025.

**ELECTRONIC EQUIPMENT:**
a. Apple iPhone seized from the Defendant;
b. Samsung smartphone seized from the Defendant;
c. Dell laptop computer; and
d. ScanDisk thumbdrive.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

_____
PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1-3:** Imprisonment for not more than 20 years, fine of not more than the greater of $250,000 or twice the gross gain or twice the gross loss, and supervised release for not more than 3 years.

**COUNTS 4-6:** Imprisonment for not more than 10 years, fine of not more than the greater of $250,000 or twice the gross gain or twice the gross loss, and supervised release for not more than 3 years.

**COUNTS 7-9:** If convicted of one count, mandatory term of imprisonment of 2 years, to be served consecutive to any other sentence imposed for Counts 1 through 3.

If convicted of two or more counts: 2 years imprisonment, which may run concurrently, in whole or in part, with any other term of imprisonment imposed for Aggravated Identity Theft convictions, but consecutively to any term of imprisonment imposed on Counts 1 through 3.

Plus, not more than $250,000 fine and 1-year supervised release on each count of conviction on Counts 7 through 9.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture, if applicable.